Brian Murphy
bmurphy@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701
*Attorneys for Defendant Dollar Tree Stores, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELIZABETH SOTO,<br><br>                              Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC.,<br><br>                              Defendant. | Civil Action No. 1:23-cv-1436<br><br>**NOTICE OF REMOVAL** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK AND TO PLAINTIFF:**

Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), by and through its undersigned counsel Sheppard, Mullin, Richter and Hampton LLP, and subject to all of their defenses, including any and all Rule 12 defenses, hereby provide notice of the removal to the United States District Court for the Eastern District of New York, of the following lawsuit filed January 11, 2023 in the Supreme Court of the State of New York, Queens County: *Elizabeth Soto v. Dollar Tree Stores, Inc.*, Index No. 700652/2023 (hereinafter the "State Court Action").

The following is a short, plain statement of the grounds for removal and a listing of the pleadings to date pursuant to 28 U.S.C. §§ 1446(a).

**I. DESCRIPTION OF THE ACTION**

1. On January 11, 2021, Plaintiff Elizabeth Soto ("Plaintiff"), commenced the State Court Action upon the filing of a Summons and Complaint dated December 30, 2022 (the

"Complaint"), against Dollar Tree in the Supreme Court of the State of New York, Queens County. The Complaint alleges causes of action for discrimination, harassment, and retaliation in violation of the New York State Human Rights Law and New York City Administrative Code. The Complaint does not specify the amount of damages, but seeks an award of lost wages, compensatory damages for emotional distress, punitive damages, and attorney's fees, costs and expenses, as well as non-monetary and equitable relief.

2. Counsel to Dollar Tree agreed to accept service of the Complaint by electronic mail effective February 3, 2023. A copy of the Summons and Complaint is attached hereto as Exhibit A.

## II. BASIS FOR REMOVAL (DIVERSITY JURISDICTION)

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Plaintiff pleads that she is "an individual who is a resident of Queens County in the State of New York." *See* Exhibit A, Complaint ¶2.

5. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state by which it has been incorporated and the state where it has its principal place of business. Plaintiff's Complaint correctly alleges that Dollar Tree is incorporated under the laws of, and has its principal place of business in, the Commonwealth of Virginia. *See* Exhibit A, Complaint ¶ 5, 8.

6. The Complaint does not identify the amount in controversy and instead identifies the various categories of damages sought, which Plaintiff alleges to include "loss of income, loss of salary, benefits, and other compensation which [] employment entails, and…future pecuniary losses, emotional pain, suffering, inconveniences, loss of enjoyment of life, [] other non-

pecuniary losses…[and] severe emotional distress." *See* Exhibit A, Complaint ¶64; "Wherefore Clause."

7.  Notwithstanding Plaintiff's failure to specify the specific amount in controversy, the allegations in the Complaint demonstrate that there is a "reasonable probability" that the $75,000 threshold is met and exceeded. *See Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619, 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017); *see also Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (noting that a notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).

8.  Specifically, Plaintiff alleges that she experienced, and is seeking recovery for, among other categories of damages, "severe emotional distress."  In discrimination and harassment cases, it is well-established that recovery for severe emotional distress starts at $135,000.  *See, e.g., Miller v. East Midwood Hebrew Day School*, No. 19-CV-5580, 2021 WL 966166, at n.4 (E.D.N.Y. Feb. 15, 2021) (internal citations omitted).

9.  Beyond the allegations in the Complaint, Plaintiff has also conveyed a pre-litigation settlement demand in writing that exceeds $75,000.00, which qualifies as an "other paper" that can be considered in connection with determining the amount in controversy.  *See* Exhibit B; *see also Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019).

10.  Thus, the amount in controversy plausibly exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).

## II.     THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

11.  Based on the foregoing, the State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12. This Notice of Removal is timely because it is filed within thirty (30) days of when Dollar Tree was served with the Complaint in the State Court Action on February 3, 2023. *See* 28 U.S.C. § 1446(b).

13. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1446 because the State Court Action is pending within the Supreme Court of the State of New York, Queens County.

14. In accordance with the requirements of 28 U.S.C. § 1446(a), Dollar Tree states that only the Summons and Complaint have been served upon it in the State Court Action as of the date of the filing of this Notice of Removal.

15. Dollar Tree will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal within the Supreme Court of the State of New York, Queens County as further required by that section.

16. The undersigned counsel for Dollar Tree has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

17. Without waiving any objections to personal jurisdiction, Dollar Tree consents to this removal.

## CONCLUSION AND REQUESTED RELIEF

For all reasons set forth above, without waiving any defenses to the claims asserted by Plaintiff, including personal jurisdiction, Dollar Tree respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: New York, New York
      February 23, 2023

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By:   /s/ Brian D. Murphy
       Brian Murphy

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
bmurphy@sheppardmullin.com

*Attorneys for Defendant Dollar Tree Stores, Inc.*